

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAYTON D'WAINNE KIRSH | CIVIL ACTION |
| VERSUS | NUMBER: 03-3521 |
| ST. TAMMANY PARISH SHERIFF'S OFFICE, ET AL. | SECTION: "A"(5) |

REPORT AND RECOMMENDATION

I. Background

In December, 2003, this 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Clayton D'Wainne Kirsh, against defendants, the St. Tammany Parish Sheriff's Office, Deputy Davis, Warden Marlin Peachey, Sheriff Jack Strain, and other unidentified employees of the St. Tammany Parish Jail ("STPJ"). At that time, plaintiff was incarcerated in STPJ. Four months later, in April, 2004, as a result of plaintiff's failure to apprise the court of his new address,[1] the matter was dismissed for failure to prosecute (rec. doc. 11). Shortly thereafter, the court received a pleading (rec. doc. 12) from plaintiff advising that he had been

---

[1] Mail addressed to plaintiff at STPJ was returned as undeliverable.

transferred from STPJ, along with a motion (rec. doc. 13) requesting that the court reconsider its dismissal for failure to prosecute. In response, the matter was reopened (rec. doc. 14), and a preliminary conference was held (rec. doc. 16).[2]

## II. Facts

Upon his arrest in September, 2003, plaintiff was maced by an unnamed police officer. Thereafter, plaintiff was transported to STPJ where he advised officials, whose names he cannot recall, that his face and eyes were burning from the mace. Plaintiff, however, received no medical attention nor was he provided with any type of cleanser for the purpose of washing his face and eyes. He was given access to a sink, but washing his face and eyes with water, according to plaintiff, was insufficient to alleviate the adverse effect of the mace.

Approximately a month later, in October, 2003, plaintiff was involved in an altercation with a fellow inmate. Prior to the altercation, plaintiff had not had any problems with the inmate with whom he fought nor had he informed officials that he needed to be protected from the inmate. The altercation lasted only five to ten minutes and was broken up by fellow inmates. According to plaintiff, the deputy on duty, defendant Davis, was asleep in the control booth when the fight took place.

---

[2]The following recitation of facts is based, in large part, upon information obtained during the above-referenced preliminary conference.

2

As a result of the altercation, plaintiff's thumb was injured. While plaintiff contends that he still experiences pain in his thumb, he admits that he has never sought medical care for the injury. Thus, no medical records exist to support plaintiff's claim that he was injured in connection with an October, 2003 altercation.

In addition to a lack of substantiating medical records, plaintiff has no witnesses to substantiate the alleged October, 2003 altercation. Plaintiff does not know the name of the inmate with whom he fought nor does he know the names of any of the inmates who witnessed the altercation. Accordingly, the court, pursuant to its July 27, 2004 minute entry (rec. doc. 16), ordered that plaintiff be allowed "to view the roster of inmates on the dormitory with plaintiff on October 19, 2003." Following this review, plaintiff was ordered "to identify for the Court in writing, on or before August 30, 2004, the name of the inmate with whom he alleges that he fought and the names of those inmates who witnessed such an altercation."[3] A copy of the court's minute entry was mailed to plaintiff at his present place of incarceration, Hunt Correctional Center, and has not been returned as undeliverable. As of this date, plaintiff has failed to respond to the court's order.

---

[3] See Federal rec., doc. 16, p. 3.

## III. Analysis

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court can, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court. <u>Lopez v. Aransas County Independent School District</u>, 570 F.2d 541 (5th Cir. 1978). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's order. <u>Silas v. Sears, Roebuck & Co.</u>, 586 F.2d 382, 385 (5th Cir. 1978); <u>Ramsay v. Bailey</u>, 531 F.2d 706 (5th Cir. 1976). As plaintiff is proceeding <u>pro se</u> in this matter, it is apparent that this court must consider his actions alone in considering dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure.

The court has attempted to take those steps necessary to insure that plaintiff's lawsuit was litigated to its completion. Plaintiff's failure to furnish the requested information evidences a disinterest in prosecuting this case, a disregard for the court's order, and a basis for dismissal pursuant to Rule 41(b).

An additional basis for dismissal, with respect to plaintiff's claims against defendants Strain and Peachey, is the fact that such supervisory officials cannot be held liable pursuant to §1983 under any theory of <u>respondeat superior</u> simply because an employee or subordinate allegedly violated plaintiff's constitutional rights.

4

See Alton v. Texas A&M University, 168 F.3d 196, 200 (5th Cir. 1999); see also Baskin v. Parker, 602 F.2d 1205, 1208 (5th Cir. 1979). A state actor may be liable under §1983 only if he "was personally involved in the acts allegedly causing the deprivation of constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." Douthit v. Jones, 641 F. 2d 345, 346 (5th Cir. 1981); see also Watson v. Interstate Fire & Casualty Co., 611 F. 2d 120 (5th Cir. 1980).

In this case, plaintiff makes no allegation that Sheriff Strain and/or Warden Peachey had any knowledge of or played any part in the above-described problems he encountered during his incarceration at STPJ. Instead, plaintiff has advised that he named them as defendants because they "ran the jail".[4]

Also named as a defendant is the St. Tammany Parish Sheriff's Office. However, it is well-established that a sheriff's office, such as the St. Tammany Parish Sheriff's Office, "is not a legal entity capable of being sued...." See Cozzo v. Tangipahoa Parish Council--President Government, 279 F.3d 273, 283 (5th Cir. 2002). Accordingly;

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that plaintiff's action, with respect to Deputy Davis, be dismissed without prejudice for failure to

---

[4] See Federal rec., doc. 16, pp. 3-4.

prosecute.

**IT IS FURTHER RECOMMENDED** that plaintiff's action, with respect to the remaining defendants, Sheriff Strain, Warden Peachey, and the St. Tammany Parish Sheriff's Office, be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this 17 day of May, 2005.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE